[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11176

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLARENCE ANTHONY MCCALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cr-00390-LSC-KFP-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Clarence Anthony McCall appeals his sentence of 80 months' imprisonment for possession of a machinegun. On appeal, McCall argues that his sentence is procedurally and substantively unreasonable. After thorough review, we affirm.

We review Sentencing Guidelines issues, including those that involve variances, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In so doing, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . [or] failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Id*. If the district court's sentence is procedurally reasonable, we consider the sentence's substantive reasonableness, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*.

In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes," even if we were to reach a different conclusion. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotations omitted); *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir. 2005). The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the

§ 3553(a) factors.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities among similarly situated defendants.  *Id.*  "To a large extent 'the nature and circumstances of the offense' component of this factor overlaps with . . . 'the need for the sentence imposed -- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'"  *United States v. Irey*, 612 F.3d 1160, 1198 (11th Cir. 2010) (*en banc*).  The court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Butler*, 39 F.4th at 1355 (quotations omitted).  The court "commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably."  *Id.*

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is

committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *Id.* Further, the court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Id.* at 1356 (quotations omitted and alterations adopted). The court's "acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.*

Upward variances are imposed based on the sentencing factors set forth in § 3553(a), and are therefore properly imposed "based upon uncharged conduct as it relates to the history and characteristics of the defendant, as well as the need to promote respect for the law, afford adequate deterrence, and protect the public." *Id.* at 1355. A district court may also impose an upward variance "if it concludes that the Guidelines range was insufficient in light of a defendant's criminal history." *Id.* This is true despite the fact that a defendant's criminal conduct is already accounted for when calculating a defendant's Guideline range. *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015). In addition, a district court may consider a defendant's prior conviction to which the presentence investigation report ("PSI") did not attribute any criminal history points. *See United States v. Rodriguez*, 75 F.4th 1231, 1240–44 (11th Cir. 2023). A failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006).

Where a district court explains that a variance is supported by one or more of the sentencing factors, we "must give due

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. In addition to the sentencing factors, courts may consider any information relevant to a defendant's background, character, and conduct in imposing a variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2007).

We may not presume that a sentence outside of the calculated Guideline range is unreasonable, but we consider the extent of the variance in our analysis, since major variances require more significant justifications than minor ones. *Irey*, 612 F.3d at 1186–87, 1196; *Gall*, 552 U.S. at 50–51. A sentence being well below the statutory maximum is also indicative of a reasonable sentence. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

Here, the district court adequately explained its rationale for upwardly varying McCall's sentence, and it is not procedurally unreasonable. *See Gall*, 552 U.S. at 51. The unobjected-to facts in the PSI reported that, on August 18, 2023, police responded to a shooting at a gas station. The victim had been shot three times and suffered life-threatening injuries. After a short pursuit of the suspects, McCall and two other occupants of the vehicle he was riding in were placed under arrest. Among other things, police recovered a .40 caliber pistol with a machinegun conversion device and an extended magazine near where McCall had been in the vehicle. During his interview, McCall admitted that he and the other two men had been at the gas station when an argument began, shots had

been fired, and McCall had fired back.  McCall was charged with first degree assault and was subsequently released.

Less than three months later, on October 30, 2023, McCall was in the backseat of a Nissan Altima that had been stopped by police who had received reports of a man carrying a large firearm. Next to McCall in the vehicle was a multi-caliber pistol that, like the firearm found near McCall in August, was equipped with a machinegun conversion device.  McCall was subsequently charged with the instant offenses -- two counts of possessing a machinegun, one corresponding to the August incident and one corresponding to the October incident -- to which he pleaded guilty.  In addition to the instant firearm offenses and related state charges, McCall's PSI reported: (1) three arrests for domestic violence, one when he was a juvenile and two others thereafter, at least two of which involved the mother of his child; and (2) an arrest for obstructing a legal process, giving an officer a false name, fleeing an officer, and collision with an unattended vehicle, after he was apprehended after fleeing on foot when police attempted to stop a stolen vehicle he was driving.  Because McCall's criminal history consisted of one juvenile adjudication and several pending charges, his criminal history score was zero.

At sentencing, the district court calculated an advisory Guideline range of 37 to 46 months of imprisonment.  The government recommended a sentence of at least 46 months, arguing that McCall had fired a machinegun in a public place resulting in someone being shot, and *only a few months later* he was found with yet

another machinegun. The government added that although McCall had no prior convictions, he did have a history of domestic violence assaults.

In imposing McCall's sentence, the district court found that the Guideline range was "way too low for the conduct of this defendant and his continued criminal conduct." Considering the "nature and circumstances" of the offenses and "the character of the defendant," the court found that the instant offenses involved "an extremely serious charge" and that "a [G]uideline calculation of any type in this case is not sufficient." After citing McCall's character, conduct, and the nature and circumstances of the offenses, it announced its decision to impose a 43-month upward variance, sentencing McCall to 80 months in prison. 18 U.S.C. § 3553(a)(1). Because we afford deference to the court's decision to consider the § 3353(a) factors and to weigh some more heavily than others, we cannot say that the district court procedurally erred in imposing McCall's sentence. This is especially true since the court expressly explained that the variance was supported by the nature and circumstances of the offenses and the character of the defendant and that the Guideline range was not sufficient based on these factors. *Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1198.

Nor did the district court abuse its discretion by imposing a substantively unreasonable sentence. As the record reflects, McCall had an extensive arrest record, including multiple instances of domestic violence, and he was arrested for possession of a machinegun a few months after previously being arrested for the same

offense. *Moran*, 778 F.3d at 983; *Rodriguez*, 75 F.4th at 1243–44. Notably, McCall's 80-month sentence also falls below the statutory maximum sentence of 10 years, to which the court could have sentenced McCall for each count of conviction. *Dougherty*, 754 F.3d at 1364. As for McCall's argument that the sentencing court did not consider mitigating factors -- including his strong ties to the community and a family willing and able to support him in his rehabilitative goals -- we've squarely held that a court's failure to discuss these factors does not indicate that it erroneously ignored them. *Butler*, 39 F.4th at 1356. Accordingly, McCall cannot meet his burden of demonstrating that his sentence is unreasonable, and we affirm.

**AFFIRMED.**